# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LOREN D. MEYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-1178-SAC |
| | ) |
| CITY OF RUSSELL, KANSAS | ) |
| POLICE DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

This matter comes before the court upon the Named Defendants' Joint Motion for a More Definite Statement, ECF No. 9. Plaintiff—who proceeds *pro se*— has not responded to the motion, and the time do so has passed. For the reasons stated below, the motion is granted in part and denied in part.

Fed. R. Civ. P. 12(e) states that parties "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Generally, courts disfavor motions for a more definite statement because of the minimal pleading requirements under the Federal Rules of Civil Procedure.[1] These motions "are properly granted only when a party is unable to determine the issues to which it needs to respond."[2] In other words, "[a] motion for a more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form

---

[1] *Boilermaker-Blacksmith Nat'l Pension Fund v. Lintec Corp.*, No. 10-2409-JTM, 2011 WL 1303359, at *3 (D. Kan. Apr. 6, 2011) .

[2] *Id.*

of a denial or admission."[3] A motion for a more definite statement "must point out the defects complained of and the details desired."[4]

Plaintiff's complaint names a municipality, a police department, a county department of corrections, two individual police officers and other "unknown officers." Defendants argue a more definite statement is warranted because the complaint asserts various claims but fails to specify which claims plaintiff asserts against which defendants. Defendants also state that the complaint fails to specify which defendants committed the conduct alleged in the compliant, and defendants, at times, seem to argue plaintiff is required to plead additional facts.

"Without knowing which counts are alleged against it, a party cannot be reasonably required to respond on the merits, warranting a motion for a more definite statement."[5] The same is true of acts or omissions that are not attributed to specific defendants. Because plaintiff's complaint fails to specify which counts are asserted against which defendants and because plaintiff does not attribute the conduct pled to any specific defendant, the court will require him to file an amended complaint that sets forth these details. To the extent defendants seek a more definite statement that includes additional factual details, that request is denied. Defendants' arguments center around the sufficiency of the complaint with regard to pleading requirements. Defendants essentially ask for a more definite statement to put them in a better position to file a dispositive motion on the issue of qualified immunity. The purpose of a more definite statement, however, is to put the responding party in a position to admit or deny allegations in the complaint. Defendants have not explained how additional factual details would enable them to

---

[3] *Creamer v. Ellis Cnty. Sheriff Dep't*, No. 08-4126-JAR, 2009 WL 484491, at *1 (D. Kan. Feb. 26, 2009).

[4] Fed. R. Civ. P. 12(e).

[5] *Vignery v. Ed Bozarth Chevrolet, Inc.*, No. 08-4144-SAC, 2009 WL 635128, at *4 (Mar. 10, 2009) (ruling on a motion to remand and discussing a pleading that lacked detail).

admit or deny. Moreover, Rule 12(e) requires the party seeking a more definite statement to point out the details desired. Defendants have not stated what additional factual details they seek, and so the court will not require plaintiff to plead additional facts at this point.

Within fourteen (14) days from the date of this order, plaintiff shall file an amended complaint containing a more definite statement of his claims against each of the defendants. Plaintiff's amended complaint must specify which claims he is asserting against each of the defendants. The amended complaint must also identify—to the extent known—which defendant or defendants committed the acts or omissions alleged in the complaint. The court cautions plaintiff that failure to timely file an amended complaint may result in dismissal of this suit.

Accordingly,

**IT IS THEREFORE ORDERED** that the Named Defendants' Joint Motion for a More Definite Statement, ECF No. 9, is granted in part and denied in part.

**IT IS FURTHER ORDERED** that within fourteen (14) days from the date of this order, plaintiff shall file an amended complaint that specifies which claims he is asserting against each of the defendants. The amended complaint must also identify—to the extent known—which defendant or defendants committed the acts or omissions alleged in the complaint.

**IT IS SO ORDERED.**

Dated this 27th day of June, 2012, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
